**STATE OF MISSISSIPPI, Plaintiff,**

v.

**Joseph BUMGARNER, Defendant.**

**No. DCR65137.**

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 7, 1965.

598

Elzy J. Smith, Jr., of Sullivan, Dunbar & Smith, Clarksdale, Miss., for Joseph Bumgarner.

CLAYTON, District Judge.

This cause is before the court on a petition filed pursuant to 28 U.S.C. § 1443 to remove two criminal prosecutions now pending against the defendant in the Circuit Court of Bolivar County, Mississippi. The petition also prays for issuance of an order in lieu of a writ of habeas corpus directing the United States Marshal to take the defendant into his custody. Although the state has not yet responded to the petition, the necessity of disposing of the prayer for an order in lieu of a writ of habeas corpus requires the court to determine its power in that regard. This requires an examination, ex mero motu, of the basis for this court's removal jurisdiction as asserted in the petition.

At the outset it should be noted that the petition contains a defect in that, contrary to the Rules Governing the Removal of Criminal Prosecutions promulgated by this court on 24 August, 1964, it seeks removal of two separate and distinct state cases. Under the aforementioned Rules, as well as under any reasonable interpretation of the removal statutes, a single petition may encompass only one action in the state court. Although both indictments (one for burglary and one for armed robbery) are directed against the same defendant, they are separate cases in the state court and cannot be consolidated for the purpose of removing them to this court solely by the act of the defendant. On removal here each case must stand on its own jurisdictional feet, unaided by the other. After

removal has been effected it may be that the court could consolidate the cases for the hearing on the issues tendered by the petition, but until the court so acts, the two prosecutions must be individually treated. This defect here would justify dismissal of the petition—rather than remand—without prejudice to the right of the defendant to file separate petitions for each case at any time before trial.

However, even if the petition removed only one case, its allegations are insufficient to confer jurisdiction on this court. Defendant alleges facts and circumstances, including judgments by another federal court and a court of another state, which tend to establish that he is and was mentally incompetent. After the present indictments were returned, defense counsel filed motions which sought to bar the prosecution by obtaining a pre-trial adjudication of his mental incompetency. One motion alleged the previous judgments of the other courts that defendant was insane and asked that full faith and credit be given to them so as to dismiss the indictments and commit the defendant to a mental hospital. The other motion, grounded on defendant's indigency, sought an order directing that the state pay the cost of an examination to be conducted by an independent psychiatrist selected by the court. Both motions were overruled and defendant alleges that because of these facts, he is "unable to enforce his rights as a citizen of the United States of America as guaranteed to him by the Constitution of the United States and protected by the laws of the United States."

 Notwithstanding the application of the rules of federal notice type pleading to criminal removal petitions, Rachel v. State of Georgia, 342 F.2d 336 (5th Cir. 1965), the allegations of the petition do not produce even the barest inference that defendant has been or will be denied his federally guaranteed equal civil rights in such a manner as to entitle him to bring his case here. Removal pursuant to 28 U.S.C. § 1443(1) is available only in those cases where rights under federal laws providing for equal civil rights are denied or cannot be enforced in the courts of the state. There is no allegation here that defendant has been or will be unequally treated or that he has been or will be denied such a right. Further, not every violation of a citizen's equal rights is within the scope of the removal statute, but only those violations involving discrimination based on race. Peacock v. City of Greenwood, 347 F.2d 679 (5th Cir. 1965). Defendant does not allege his race, or any facts suggesting that state law has been used to make him a victim of racial discrimination.

 In substance the petition alleges that defendant has been denied an opportunity to obtain an adjudication of a defense to the charges prior to the trials on the merits. It may also be read as advancing the theory that, as an indigent, he is entitled to payment by the state of the cost of establishing that defense, and that unless such payment is made he will suffer a denial of due process. As to the former there is no federal right to such a pre-trial adjudication. As to the latter, assuming arguendo that the due process clause encompasses such a right, it is settled that section 1443(1) does not. "[T]he due process clause is not a law providing for equal rights within the contemplation of the removal statute." Peacock v. City of Greenwood, supra.

This court lacks jurisdiction to entertain this cause on removal from the state court and therefore has no power to issue an order in lieu of a writ of habeas corpus as sought by the petition. The prayer for such an order will be denied and the cause remanded to the state court.

An order will be entered in accordance with the foregoing.